**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **WebSock Global Strategies LLC,** | Case No. 7:26-cv-303 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Tecma Group, L.L.C.,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.     Plaintiff WebSock Global Strategies LLC ("Plaintiff"), through its attorneys, complains of Tecma Group, L.L.C. ("Defendant"), and alleges the following:

**PARTIES**

2.     Plaintiff WebSock Global Strategies LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3.     Defendant Tecma Group, L.L.C. is a corporation organized and existing under the laws of Texas that maintains an established place of business at 2000 Wyoming Ave, El Paso, TX 79903.

**JURISDICTION**

4.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5.    This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

VENUE

7.    Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

PATENT-IN-SUIT

8.    Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,756,983 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

THE '983 PATENT

9.    The '983 Patent is entitled "Symmetrical bi-directional communication," and issued 2010-07-13. The application leading to the '983 Patent was filed on 2008-04-24. A true and correct copy of the '983 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

COUNT 1: INFRINGEMENT OF THE '983 PATENT

10.    Plaintiff incorporates the above paragraphs herein by reference.

11.     **Direct Infringement**. Defendant directly infringed one or more claims of the '983 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '983 Patent also identified in the charts incorporated into this Count below (the "Exemplary '983 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '983 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '983 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.     Exhibit 2 includes charts comparing the Exemplary '983 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '983 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '983 Patent Claims.

14.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

16.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

3

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A judgment that the '983 Patent is valid and enforceable

B.    A judgment that Defendant has infringed directly one or more claims of the '983

Patent;

C.    An accounting of all damages not presented at trial;

D.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284

for Defendant's past infringement at least with respect to the '983 Patent.

E.    And, if necessary, to adequately compensate Plaintiff for Defendant's

infringement, an accounting:

i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285

and that Plaintiff be awarded its reasonable attorneys fees against Defendant

that it incurs in prosecuting this action;

ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting

this action; and

iii.    that Plaintiff be awarded such further relief at law or in equity as the Court

deems just and proper.

Dated: August 5, 2026                    Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

**Counsel for Plaintiff**
**WebSock Global Strategies LLC**